IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK S. EASTMAN,                         )
                                              )
            Plaintiff,                        )
                                              )
   -vs-                                       )          Civil Action No.  19-95
                                              )
ANDREW M. SAUL,[1]                            )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
            Defendant.                        )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Mary Mattimore, held a video hearing on April 20, 2018. (ECF No. 5-3).  On May 21, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 15-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11).  The issues are now ripe for review.

## II.    LEGAL ANALYSIS

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

A.      **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of

2

performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing of Evidence</u>

Plaintiff argues that the ALJ erred by giving improper weight to the opinion evidence. (ECF No. 10, pp. 9-19).  The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however.  Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*  "[T]he more consistent an opinion is with the

record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in assigning little and limited weight with to the opinions of his treating physician, Dr. Proy, while assigning significant weight to the non-examining medical consultant.  (ECF No. 10, pp. 9-20).  With regard to Dr. Proy, Plaintiff first asserts the ALJ "failed to consider the treatment and examination relationship and the facts in which Dr. Proy based his opinions."  (ECF No. 10, p. 12).  After a review of the record, I disagree.  The ALJ specifically recognized Dr. Proy as a treating source.  (ECF No. 5-2, pp. 22-

24).  For example, the ALJ refers to Dr. Proy's notes as "primary care treatment note[s]" and "treatment note[s]" and refers to Dr. Proy as a medical source and a primary care physician.[2] *Id.*  Based on the same, I find no merit to the assertion that the ALJ failed to consider Plaintiff's treatment and examination relationship with Dr. Proy.

Next, Plaintiff takes issue with the ALJ's characterization of Dr. Proy's opinion on a private insurance disability form as "somewhat-broad."  (ECF No. 10, p. 12).  Plaintiff submits there was nothing broad or ambiguous about Dr. Proy's opinion.  *Id.*, *citing,* ECF No. 5-17, p. 6. I disagree.  This form is a check box form and, as such, is weak evidence without supporting documentation.  *See, Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (An ALJ can provide more or less weight to the diagnosis depending upon supporting explanations and consistency with other substantial evidence of record).  The ALJ rejected this opinion because it was inconsistent with the balance of the evidence of record, including treatment notes, Plaintiff's testimony, and Dr. Maravelli's opinions.  (ECF No. 5-2, p. 24). These are valid and acceptable reasons for discounting opinion evidence.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  Upon review, I find this rationale is supported by substantial evidence.  *Id.* Consequently, I find no merit to this assertion.

Plaintiff then asserts the ALJ "failed to identify evidence of improvement since Plaintiff's spinal surgery in March of 2015."  (ECF No. 10, p. 13).  Again, I disagree.  For example, in August of 2015, the ALJ cites to evidence that Plaintiff's back pain improved and by October 2015 Plaintiff was doing "quite well…[and] he feels he is ready to return to work without restrictions" such that Dr. Rainey gave "him a slip to return without limitations."  (ECF No. 5-2, p.

---

[2] I note that a treating source is not automatically entitled to greater weight over that of a non-examining consultant.  Rather, in accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).

21).  The ALJ also noted that Plaintiff again asked for a return to work from Dr. Proy, stating that Plaintiff "reports he is able to climb ladders at home without any problem."  *Id.* at p. 22.  The ALJ's conclusions are supported by substantial evidence. *Id.*  Further, I note that a plaintiff need not be pain free or symptom free to be found not disabled.  Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity.  *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).  Consequently, I find no merit to this suggestion.

Plaintiff additionally argues that the ALJ "failed to show how the opinion of Dr. Maravelli, [the reviewing medical consultant,] was well-supported…."  (ECF No. 10, p. 14).  After a review of the evidence, I disagree.  The ALJ specifically and systematically evidences how the opinion of Dr. Maravelli was consistent with the evidence of record, including other medical evidence and other evidence of record, including Plaintiff's own testimony and Plaintiff's activities of daily living.  (ECF No. 5-2, pp. 19-25).  In the same fashion, the ALJ sets forth specifically how Dr. Proy's opinions were inconsistent with his treatment notes, other medical evidence, Plaintiff's testimony and Plaintiff's activities of daily living.  *Id.*  These are valid and acceptable reasons for weighing opinion evidence.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  Based on the same, I am able to make a meaningful review and find that the ALJ's assignment of weight to the medical opinions of record is supported by substantial evidence.  Consequently, remand is not warranted on this basis.

With regard to Dr. Maravelli, Plaintiff also asserts that the ALJ's assignment of significant weight is misplaced because it was based on an incomplete record.  (ECF No. 10, pp. 9-10).  In accordance with the Regulations, an ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  To that end, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report

and the ALJ's decision in reliance on it."). Here, the ALJ weighed Dr. Maravelli's opinion in consideration with all of the evidence of record. *See,* ECF No. 8-2, pp. 16-31. After a review of the record, I find I am able to conduct a meaningful review and that the ALJ's assessment is supported by substantial evidence. *Id.* Thus, I find no error in this regard. Consequently, remand is not warranted on this basis either.

Furthermore, to be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, any argument in this regard is misplaced.

Also, to the extent Plaintiff takes issue with the ALJ's reliance, in part, on his activities of daily living, including his climbing of ladders, I find no merit to this matter. An ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living in assessing the RFC. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. The ALJ will consider inconsistencies between the claimant's statements and the evidence presented in making the RFC determination. *Id.* Therefore, I find no error on the part of the ALJ in relying on, *inter alia,* Plaintiff's activities of daily living.

C.   <u>RFC</u>

Finally, Plaintiff argues that the ALJ's residual functional capacity (RFC)[3] determination

---

[3]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own

is not supported by substantial evidence. [4]   (ECF No. 10, pp. 19-20).   Specifically, Plaintiff argues that the ALJ failed to explain how Plaintiff is able to stand and/or walk for thirty minutes at a time and for four hours total in an eight-hour workday. *Id.*  To that end, Plaintiff points out that Dr. Maravelli, who the ALJ gave significant weight, opined that Plaintiff could stand and/or walk for six hours in an eight-hour workday.  (ECF No. 10, pp. 19-20).   In this regard, the ALJ gave Plaintiff the benefit of the doubt and restricted Plaintiff's RFC based on the other evidence of record like Plaintiff's testimony and activities of daily living.   (ECF No. 5-2, pp. 19-25). Providing Plaintiff with additional limiting abilities in the RFC only serves Plaintiff's advantage. Thus, I find remand is not warranted on this basis.

An appropriate order shall follow.

---

limitations. 20 C.F.R. § 416.945(a).

[4]The ALJ found that Plaintiff has the RFC to perform light work but with certain limitations. (ECF No. 5-2, pp. 19).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK S. EASTMAN,          )
                                       )
        Plaintiff,          )
                                       )
   -vs-              )          Civil Action No.  19-95
                                       )
ANDREW M. SAUL,[5]          )
COMMISSIONER OF SOCIAL SECURITY,   )
                                       )
        Defendant.      )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 23rd day of April, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

BY THE COURT:

s/  Donetta W. Ambrose
   Donetta W. Ambrose
   United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.